IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Robert L. Beck, DMD, MD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| - v. - | } | Case No: 5:19-cv-525 |
| | ) | |
| **Steven J. Austin, D.D.S.;** | ) | |
| **David Tillman, D.D.S.;** | ) | |
| **Jorge Quirch, D.D.S.;** | ) | |
| **Bryan Henderson, II, D.D.S.;** | ) | |
| **Kimberly Haynes, D.M.D.;** | ) | |
| **David H. Yu, D.D.S.;** | ) | |
| **Robert G. McNeill, D.D.S., M.D.;** | ) | |
| **Margo Y. Melchor, MEd., Ed.D.**; | ) | |
| **Lorie Jones, R.D.H.;** | ) | |
| **Lois M. Palermo, R.D.H, B.S.;** | ) | |
| Capacity, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S VERIFIED COMPLAINT**
---

### A. **JURY TRIAL IS DEMANDED**

1.  ***COMES NOW*** the Plaintiff Dr. Robert Lee Beck, DMD, MD, dental license number 7913 (hereinafter referred to as the "Plaintiff"), by and through his undersigned counsel to formally file his Complaint against the Defendants in their individual capacity as the Board members of the Texas State Board of Dental Examiners (hereinafter referred to as the "TSBDE" its individual members hereinafter collectively referred to as the "Defendants") and does hereby formally request a jury trial, in support thereof does show unto the Court the following:

### B. **NATURE OF PLAINTIFF'S COMPLAINT**

2.  The Plaintiff's causes of action before the Court are grounded on the fact that the

Defendants, collectively and individually, suspended the Plaintiff's license number 7913 from the practice of general dentistry in the State of Texas by denying the Plaintiff's due process as guaranteed by the *Fifth and Fourteenth Amendments* of the *U.S. Constitution* and violated the Plaintiff's rights to due process as provided for at *Title 42 U.S.C. §§ 1983*, *1985* and *1986*.  As a matter of fact and law, the Defendants are not actively supervised by a Texas State employee. *See North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 574 U.S. _____ (2015); and *Parker v. Brown*, 317 U.S. 141, 352 (1943).

3. The Plaintiff alleges that he was denied due process when:

    a. The Defendants, under color of law, intentionally failed to provide the Plaintiff due process as mandated at *Title 42 U.S.C. §§ 1983*, *1985* and *1986* when the Defendants violated the specifically expressed language of their August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014; November 18, 2016 "disciplinary" orders against the Plaintiff.

    b. The Defendants, under color of law, violated the Plaintiff's right to due process as mandated at *Title 42 U.S.C. §§ 1983*, *1985* and *1986* when the Defendants adopted the State Office of Administrative Hearings ("SOAH") proposed decision whereby SOAH's Administrative Law Judge ("ALJ") used the Defendants' August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014; and November 18, 2016 disciplinary Orders as aggravating factors against the Plaintiff.

    c. The Defendants, under color of law, violated the Plaintiff's right to due process as guaranteed by the *Fifth* and *Fourteenth Amendments* of the *U.S. Constitution* when Defendants abridged the Plaintiff's rights in violation *Title 42 U.S.C. §§ 1983*, 1985 and *1986* at the time the Defendants adopted SOAH's proposed decision whereby SOAH's ALJ used the Defendants'

August 15,1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014 and November 18, 2016 disciplinary Orders against the Plaintiff as aggravating factors to suspend the Plaintiff's dental license in violation of the specific expressed language of the disciplinary Orders.

        d.      The Defendants, under color of law, violated the Plaintiff's right to due process when the Defendants adopted the SOAH's proposed decision whereby SOAH's ALJ used the Defendants' August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014; November 18, 2016 disciplinary Orders against the Plaintiff as an aggravating factor against the Plaintiff. Whereby, the Defendants had in-fact and at law withdrawn their August 15, 1981; November 6, 1987; and, April 1, 1992 disciplinary orders.

## C. JURISDICTION

4.      The Court is vested with *in personam* jurisdiction over the Plaintiff's causes of action due to the fact that at all times and incidents relevant to the Plaintiff's causes of action he was and remains a resident of San Antonio, Bexar County, Texas. Moreover, the Plaintiff's claims/allegations directly involve a federal question pursuant to *Title 28 U.S.C. § 1331* and the Plaintiff is seeking over $75,000.00 in damages from the Defendants, individually and collectively. The Plaintiff also alleges that the individual Defendants violated Plaintiff's right to due process as provided for at federal statutes *Title 42 U.S.C. §§ 1983*, *1985* and *1986*. At the time, the individual Defendants made the decision to suspend the Plaintiff from practicing dentistry for four (4) years, the Defendants violated their own promulgated disciplinary Orders of August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014 and November 18, 2016. *See North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 574 U.S. _____ (2015); and *Parker v. Brown*, 317 U.S. 141, 352

(1943).

### D. **PARTIES**

5.  Plaintiff, Dr. Robert L. Beck, was engaged in the practice of general dentistry in the State of Texas for over 40 years with his principal place of business in San Antonio, Texas.

6.  The Defendants are the individual Board members of the TSBDE: David Tillman, D.D.S., Presiding Officer; Jorge Quirch, D.D.S., Secretary; Bryan Henderson, II, D.D.S.; Kimberly Haynes, D.M.D.; David H. Yu, D.D.S.; Robert G. McNeill, D.D.S., M.D.; Margo Y. Melchor, MEd., Ed.D.; Lorie Jones, R.D.H.; Lois M. Palermo, R.D.H, B.S.; and Steven J. Austin. The Defendants may be served individually with process at the Central Office of the TSBDE located at 333 Guadalupe Street, No. 3 Suite 800, Austin, TX 78701 or at their individual residencies *via* a local government or private process server. To the best of the Plaintiff's knowledge and good faith belief, none of the individual Board members is a State employee nor are the individual members governed or supervised by a State employee while serving in the capacity as a Board member.

7.  The Plaintiff can be served with summons and pleadings through the Plaintiff's undersigned counsel Lorenzo W. Tijerina located at 1911 Guadalupe, San Antonio, Texas 78207; telephone number (210) 231-0112.

### E. **VENUE**

8.  Venue is proper before the United States District Court for the Western District of Texas, San Antonio Division due to the fact that the Plaintiff resides in San Antonio, Texas. The Defendants were in Travis County and acting under color of law when they, individually and collectively, suspended the Plaintiff from the practice of general dentistry in Texas. At all relevant times, the Plaintiff engaged in the practice of general dentistry in San Antonio, Texas.

## F. OPERATIVE FACTS

9. The Defendants do not have immunity from personal liability due to the fact that the TSBDE does not have a Texas State employee directing and/or supervising the Defendants as Board members. *North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 574 U.S. \_\_\_\_\_ (2015).

10. The Administrative record establishes that on April 1, 1992, the Board members penned an Agreement which specifically provided:

> The Order No. 1987-39, executed by the Board on December 11, 1987, including the Finding of Fact, Conclusions of Law, and Orders therein contained, is hereby withdrawn and suspended by this Agreed Board Order No. 1987-39. As Respondent is settling this complaint for the sole purpose of buying peace and avoiding further litigation and Respondent in no wise admits any of the allegations set forth in said complaint, the Board, its members, employees and agents shall make no written or oral comments regarding the Findings of Fact, Conclusions of Law, and Orders contained in Board Order No. 1987-39 other than that required under Tex. Rev. Civ. Stat. Ann. Art. 6252-17a, the Texas Open Records Act.

(Ex. 1, p. 4).

11. The Defendants' April 1, 1992 Order also provided that:

> In the event Respondent violates a term or condition of this Order, the Board may revoke Respondent's probation and impose the remaining suspension period, provided however, ***that no conduct or allegation(s) against Respondent which predate this Order shall ever be the basis for revoking Respondent's probation and imposing the remaining suspension period or any other action by the Board***. (***Emphasis added***).

(Ex. 1, p. 5).

12. On August 2, 2013, the Defendants penned an Order which specifically held that: The "Respondent's past disciplinary history, as described in the Orders dated December 3, 1981; December 11, 1987; April 16, 2004; and April 15, 2011 is incorporated by reference as part this Order." Effectively, violating its prior disciplinary orders of August 15, 1981; November 6,

5

1987; April 1, 1992; March 9, 2011. (Ex. 2, p. 1).

13.     On December 18, 2017 the ALJ for SOAH issued her proposed Order for Defendants to adopt in reference to the Plaintiff. The Defendants adopted SOAH's December 18, 2017 Order on February 23, 2018. Within SOAH's December 18, 2017 Order, the ALJ utilized the Plaintiff's former disciplinary history that the Defendants had agreed not to ever utilize:

> A 1981 Board Order reprimanding Dr. Beck for not providing complete information to a patient as to possible treatment alternatives and not providing adequate follow-up care following the extraction of two teeth in the same patient.
>
> A 1987 Board Order revoking Dr. Beck's license based on findings that an inventory had revealed that he had a shortage of 27 Valium tablets; he had prescribed to himself 2,500 Empirin No. Three tablets (a controlled substance); an inventory had revealed that he had a shortage of 63 Seconal tablets (a controlled substance); and he held a fellow dentist at gunpoint and threatened another dentist.
>
> A 1992 Agreed Board Order that bears the same case number (1987-39) as does the 1987 Board Order. Following the issuance of the 1987 Board Order, Dr. Beck appealed, and the 1992 Agreed Board Order was the result of the settlement of the litigation. The 1992 Agreed Board Order, by its terms superseded the 1987 Board Order, and the 1987 Board Order was withdrawn. In the 1992 Agreed Order, Dr. Beck explicitly did not admit to any of the allegations in the complaint that gave rise to the case. The 1992 Agreed Order imposed a three-year suspension of Dr. Beck's license, with all but the first 90 days probated. Dr. Beck was also to undertake continuing education, perform community service, write apologies to the two dentist Dr. Beck had allegedly threatened, and enroll in a peer assistance program.

(Ex. 3, pp. 23 - 24).

14.     Whereby, the Plaintiff alleges that the Defendants again violated the Plaintiff's right to due process by intentionally violating the specifically expressed language of the Defendants' prior disciplinary orders of August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014; and November 18, 2016.

15.     The fact that the majority of the Defendants are practicing dentist in Texas presents a conflict of interest against the Plaintiff. *See North Carolina State Board of Dental Examiners v.*

*Federal Trade Commission*, 574 U.S. _____ (2015); and *Parker v. Brown*, 317 U.S. 141, 352 (1943).

### G.  ALLEGATIONS

### *Count One*

16.    ***The Plaintiff alleges that on February 26, 2018, the Defendants, individually and collective, intentional failed to comply with their own promulgated rules, agreements, and/or orders in violation of the Plaintiff's right to due process to the detriment of the Plaintiff's civil right to engage in the profession of dentistry in the State of Texas.***

The Plaintiff alleges that the Defendants, individually and collective, intentionally violated the Plaintiff's right to due process at the Defendants' disciplinary orders dated August 15, 1981; November 6, 1987; April 1, 1992; March 9, 2011; August 2, 2013; November 21, 2014; and November 18, 2016.

17.    The Administrative record further establishes that on April 1, 1992, the Defendants penned an Agreement which specifically provided:

> The Order No. 1987-39, executed by the Board on December 11, 1987, including the Finding of Fact, Conclusions of Law, and Orders therein contained, is hereby withdrawn and suspended by this Agreed Board Order No. 1987-39.  As Respondent is settling this complaint for the sole purpose of buying peace and avoiding further litigation and Respondent in no wise admits any of the allegations set forth in said complaint, the Board, its members, employees and agents shall make no written or oral comments regarding the Findings of Fact, Conclusions of Law, and Orders contained in Board Order No. 1987-39 other than that required under Tex. Rev. Civ. Stat. Ann. Art. 6252-17a, the Texas Open Records Act.

(Ex. 1, p. 4).

18.    The Defendants' April 1, 1992 Order also provided that:

> In the event Respondent violates a term or condition of this Order, the Board may revoke Respondent's probation and impose the remaining suspension period, provided however, ***that no conduct or allegation(s) against Respondent which predate this Order shall ever be the basis for revoking Respondent's probation and imposing the remaining suspension period or any other action by the***

      ***Board***.  (***Emphasis added***).

(Ex. 1, p. 5).

19.     The administrative record further confirms that at the Defendants' March 9, 2011 Disciplinary Order at p. 1, ¶ No. 2, Findings of Fact, the Defendants state that; "Respondent's past Disciplinary history, as described in the Orders dated October 8-9, 1981, November 6, 1987, April 1, 1992, and April 16, 2004, is attached and incorporated by reference as part of this Order." At the Defendant's August 2, 2013 Disciplinary Order at p. 1, ¶ 2, Findings of Fact Section, the Defendants state that; "Respondent's past disciplinary history, as described in the Orders dated December 3, 1981, December 11, 1987, and April 16, 2004, and April 15, 2011 is attached and incorporated by reference as part of this Order." At the Defendants' November 21, 2014, Disciplinary Order, p. 1, ¶ 2, Findings of Fact Section, the Defendants state that; "Respondent's past disciplinary history, as described in the Orders dated December 3, 1981, December 11, 1987, April 16, 2004, April 15, 2011 and August 2, 2013 is incorporated by reference as part of this Order." At the November 18, 2016 Notice of Hearing, the Defendants specifically state that: "NOTICE IS GIVEN that Board staff will present evidence of Respondent's past disciplinary history and probated suspension status an [sic] aggravating factor justifying discipline, as permitted by 22 Tex. Admin. Code § 107.203(9)." At the Defendants' February 26, 2018, pp. 22-24 ¶ 12, Aggravating Factor Section, cites that the Previous Disciplinary Action by the Board, the Defendants state that: "Dr. Beck has been the subject of the following Board orders:

    A 1981 Board Order reprimanding Dr. Beck for not providing complete information to a patient as to possible treatment alternatives and not providing adequate follow-up care following the extraction of two teeth in the same patient.

    A 1987 Board Order revoking Dr. Beck's license based on findings that an inventory had revealed that he had a shortage of 27 Valium tablets; he had

8

>   prescribed to himself 2,500 Empirin No. Three tablets (a controlled substance); an inventory had revealed that he had a shortage of 63 Seconal tablets (a controlled substance); and he held a fellow dentist at gunpoint and threatened another dentist.
>
>   A 1992 Agreed Board Order that bears the same case number (1987-39) as does the 1987 Board Order. Following the issuance of the 1987 Board Order, Dr. Beck appealed, and the 1992 Agreed Board Order was the result of the settlement of the litigation. The 1992 Agreed Board Order, by its terms superseded the 1987 Board Order, and the 1987 Board Order was withdrawn. In the 1992 Agreed Order, Dr. Beck explicitly did not admit to any of the allegations in the complaint that gave rise to the case. The 1992 Agreed Order imposed a three-year suspension of Dr. Beck's license, with all but the first 90 days probated. Dr. Beck was also to undertake continuing education, perform community service, write apologies to the two dentist Dr. Beck had allegedly threatened, and enroll in a peer assistance program.

(Ex. 3, pp. 23 - 24).

20. Plaintiff avers that the Defendants' continue denying him due process by citing and referring to the August 15, 1981; December 11, 1987, April 1, 1992 disciplinary orders; notwithstanding, the Defendants' specifically express language citing "that no conduct or allegation(s) against Respondent which predate this Order shall ever be the basis for revoking Respondent's probation and imposing the remaining suspension period or any other action by the Board." (Ex. 1, p. 5).

## *Count Two*

21. ***The Plaintiff alleges that on February 26, 2018, the Defendants under color of law, individually and collectively, violated the Plaintiff's right to due process as guaranteed by the 5th Amendment of the U.S. Constitution.***

    The *Fifth Amendment* of the *U.S. Constitution* guarantees that no person shall "...be deprived of life, liberty, or property, without due process of law." As previously cited, the facts establish that the Defendants denied the Plaintiff due process when the Defendants failed to comply with the specifically expressed language of their own disciplinary orders. It is an elemental principle of administrative law that agencies are bound to follow their own regulations,

procedures and practices. The Supreme Court has long recognized that regulatory agencies are obliged to abide by the regulations, procedures and practices they promulgate. *Vitarelli v. Seaton,* 359 U.S. 535, 545 (1959); *Service v. Dulles,* 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy,* 347 U.S. 260, 267 (1954). An agency's failure to follow its own regulations and procedures "tends to cause unjust discrimination and deny adequate notice" and consequently may result in a violation of an individual's constitutional right to due process. Where a prescribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed." *Vitarelli,* 359 U.S. at 547 (Frankfurter, J., concurring); (observing that an agency violations of regulations and procedures promulgated to provide parties with procedural safeguards generally have been invalidated by courts).

22. The Defendants violated the Plaintiff's right to due process when each member, collectively and individually, violated the specifically expressed language of their December 3, 1981, December 11, 1987, April 1, 1992, April 16, 2004, April 15, 2011, August 2, 2013, November 21, 2014 and November 18, 2014 when the Defendants utilized said orders against the Plaintiff in violation of the specifically expressed language of said orders. *See Vitarelli v. Seaton,* 359 U.S. 535, 545 (1959); *Service v. Dulles,* 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy,* 347 U.S. 260, 267 (1954).

### *Count Three*

23. **The Plaintiff alleges that on February 26, 2018, the Defendants under color of law, individually and collectively, violated the Plaintiff's right to due process as guaranteed by the Fourteenth Amendment of the U.S. Constitution.**

The *Fourteenth Amendment* to the *U.S. Constitution* specifically provides that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Plaintiff alleges that the facts support that the Defendants failed to comply with their Orders of December 3, 1981, December 11, 1987, April 1, 1992, April 16, 2004, April 15, 2011, August 2, 2013, November 21, 2014 and November 18, 2016 by utilizing the orders against the Plaintiff and denying him due process by summarily suspending his dental license for five years in violation of the Board's previously cited disciplinary orders.

### *Count Four*

24. ***The Plaintiff alleges that on February 26, 2018, the Defendants under color of law, individually and collectively, violated the Plaintiff's rights as provided for at 42 USC § 1983.***

    *42 USC § 1983* provides that:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable....

    As previously cited, the Plaintiff alleges that the Defendants individually and collectively, intentionally violated the specifically expressed language of their disciplinary orders December 3, 1981, December 11, 1987, April 1, 1992, April 16, 2004, April 15, 2011, August 2, 2013, November 21, 2014 and November 18, 2014 when they used said orders to suspend the Plaintiff's license to practice general dentistry in Texas.

### *Count Five*

25.     ***The Plaintiff alleges that on February 26, 2018, the Defendants under color of law, individually and collectively, violated the Plaintiff's right to due process as provided for at 42 USC § 1985.***

*42 USC § 1985* specifically provides that:

...[I]f one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The administrative record supports that the Defendants collectively and individually were well aware as to what they were doing when they agreed to summarily suspend the Plaintiff from practicing generally dentistry in the State of Texas.  The record confirms that the Defendants violated the specifically expressed language of the Board's prior disciplinary order of December 3, 1981, December 11, 1987, April 1, 1992, April 16, 2004, April 15, 2011, August 2, 2013, November 21, 2014 and November 18, 2016.

### *Count Six*

26.     ***The Plaintiff alleges that on February 26, 2018, the Defendants under color of law, individually and collectively, violated the Plaintiff's right to due process as provided for at 42 USC § 1986.***

*42 USC § 1986* specifically provides that:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action....

27.     Within the administrative record, the facts and law support that the Defendants conspired to injure the Plaintiff by summarily denying him his rights and privileges to practice general

dentistry in the State of Texas when the Defendants violated the specifically expressed language within its discipline orders dated: December 3, 1981, December 11, 1987, April 1, 1992, April 16, 2004, April 15, 2011, August 2, 2013, November 21, 2014 and November 18, 2016.

28. Accordingly, pursuant to *Title 42 U.S.C. § 1986*, the Plaintiff's spouse has the right to seek damages, collectively or individually, from each Defendant who violated the specifically expressed language of the discipline orders issued against the Plaintiff and voted to suspend the Plaintiff from the practice of general dentistry in the State of Texas grounded on the Defendants' violation of their own disciplinary orders against the Plaintiff.

### H.  DAMAGES

29. The Plaintiff seeks compensatory, punitive, presumed and nominal damages for Defendants' violations of Plaintiff's and right to due process pursuant to the *Fifth* and *Fourteenth Amendments*; and for the injuries to Plaintiff's business reputation; and loss of revenue.

### *Declaratory Relief*

30. Plaintiff requests all appropriate declaratory relief to which it is entitled.

### *Injunctive Relief*

31. Plaintiff requests the Court grant appropriate relief permanently enjoining the Defendants from continuing to violate its own promulgated disciplinary order in violation of the Plaintiff's right to due process. The Plaintiff further seeks permanent injunctive relief requiring the Defendants to provide written notice to the Plaintiff that the Defendants will cease and desist from the use of the discipline orders the Defendants have agreed to not to continue to use against the Plaintiff.

32. Allow the Plaintiff to continue his general dental practice in the State of Texas.

### *Attorneys' Fees and Costs*

33. Pursuant to *Title 42 U.S.C. §1988*, the Plaintiff is entitled to recover attorneys' fees and costs.

### *Prayer for Relief*

34. THEREFORE, Plaintiff requests that the Court:

    a. Declare that Plaintiff's rights were violated by Defendants, individually and collectively, denying the Plaintiff his right to due process and that the Defendants' policies and practices against the Plaintiff are unconstitutional;

    b. Grant a preliminary injunction and a permanent injunction preventing the Defendants from continuing to violate the Plaintiff's rights now and in the future;

    c. Award compensatory and punitive damages against the Defendants;

    d. Grant reasonable attorneys' fees, litigation expenses, and court costs pursuant to *Title 42 U.S.C. §§ 1986* and *1988* and,

    e. Grant all other and further relief as appears reasonable and just, to which Plaintiff may be entitled.

### I. VERIFICATION

I, Robert Lee Beck, the Plaintiff in the instant Complaint, hereby certify that I have read my Complaint in its entirety and do hereby state that I agree as to the truth of my Complaint.

_5-16-2019_
Date

_Robert Lee Beck DMD MD_
Robert Lee Beck, DMD MD

Respectfully Submitted,

/s/Lorenzo W. Tijerina
Attorney for the Plaintiff
Local Office: 1911 Guadalupe
San Antonio, Texas 78207
Telephone No. (210) 231-0112

                                        Facsimile No.   (210) 212-7215
                                        Email Address:  tasesq@msn.com