UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT L. BECK, DMD, MD,**

    **Plaintiff,**

v.                                                          No. SA-19-CV-00525-JKP

**STEVEN J. AUSTIN, D.D.S., DAVID
TILLMAN, D.D.S., JORGE QUIRCH,
D.D.S., BRYAN HENDERSON, II.,
D.D.S., KIMBERLY HAYNES, D.M.D.,
DAVID H. YU, D.D.S., ROBERT G.
MCNEILL, D.D.S., M.D., MARGO Y.
MELCHOR, MED., ED.D., LORIE
JONES, R.D.H., LOIS M. PALERMO,
R.D.H, B.S.,**

    **Defendants.**

## ORDER

This matter is before the Court upon Defendants' Motion to Dismiss to which Plaintiff responded. ECF Nos. 16, 21. Having reviewed the pleadings and documents filed by the parties and the relevant law and for the reasons set forth below, the Court grants Defendants' Motion (ECF No. 16).

**I. Procedural History**

Plaintiff Robert L. Beck. DMD, MD ("Beck"), initiated this action on May 16, 2019, against Defendants, each and all current or former Board Members of the Texas State Board of Dental Examiners ("Defendants"), alleging the Defendants, collectively and individually, denied Beck due process when they suspended his Texas general dentistry license. ECF No. 1. Beck amended his complaint on May 28, 2019. ECF No. 13. Defendants filed their motion to dismiss on September 6, 2019. ECF No. 16. Following an extension of time, Beck responded on October

11, 2019. On November 8, 2019, counsels for the parties appeared before United States Magistrate Judge Henry J. Bemporad for a scheduling conference, at which they represented to Judge Bemporad that the parties were interested in pursuing settlement negotiations. ECF No. 27. On January 9, 2020, Plaintiff's counsel notified the Court that settlement negotiations have been unsuccessful and "Plaintiff Beck wishes to cease further settlement negotiations and to have his causes of action resumed to be calendared by the Court." ECF No. 28. As of the date of this Order, Defendants have not responded to Beck's notice. Therefore, the Court finds this matter ripe for disposition.

## II. Background

Beck brings this 42 U.S.C. § 1983 action challenging the suspension of his general dentistry license. ECF No. 13 at 2. Beck sues the Defendants in their individual capacities as Texas State Board of Dental Examiners Board Members ("TSBDE" or the "Board"), alleging Defendants denied him due process when they used previous orders of the Board in their efforts and decision to suspend his license, even though use of the orders was prohibited under the terms of a 1992 settlement agreement between Beck and TSBDE. *Id*. at 2-3. Beck seeks declaratory and injunctive relief and compensatory and punitive monetary damages. *Id*. at 13-14.

## III. Discussion

### A. Abstention in Light of State Court Proceedings

The *Younger* abstention doctrine bars federal courts from enjoining state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Although the doctrine originally addressed only state criminal matters, it has been extended to state administrative proceedings implicating "important state interests." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Such administrative proceedings include state professional

disciplinary and licensing proceedings. *See Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 103 (5th Cir. 1988) (applying *Younger* doctrine to review dentistry license proceedings); *Kastner v. Tex. Bd. of Law Exam'rs*, 278 F. App'x 346, 349 (5th Cir. 2008) (applying *Younger* doctrine to bar application proceedings); *Perez v. Tex. Med. Bd.*, 556 F. App'x 341, 341-42 (5th Cir. 2014) (finding the *Younger* doctrine applicable to physician assistant proceeding); *Zadeh v. Robinson*, 928 F.3d 457, 472 (5th Cir. 2019) *petition for cert. filed*, (Nov. 22, 2019) (citing *Perez* and applying *Younger* doctrine to medical doctor proceeding). *Younger* abstention is required when: (1) there is an ongoing state proceeding that is judicial in nature; (2) the state has an important interest in regulating the subject matter of the claim; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenges. *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996).

Defendants argue *Younger* applies here because (1) Beck appealed his suspension in state court; (2) assuring the competency of dentists, thereby protecting public health, is an important state interest; and (3) the state court proceeding affords Beck the opportunity to pursue his constitutional claim. ECF No. 16 at 7-8. See *Allen*, 835 F.2d at 103 (finding that a state's interest in assuring the competency of dentists practicing within the state is unmistakably a significant state interest (citing *Thomas v. Texas State Bd. of Medical Examiners*, 807 F.2d 453, 455 (5th Cir. 1987)). Beck responds that his state court action was brought only against the TSBDE, while the federal court suit names only the individual board members in their individual capacities. ECF No. 21 at 4. Beck's response does not address the *Younger* factors explicated in Defendants' motion to dismiss.

Here, Beck appealed the order suspending his license to the Travis County Court challenging, inter alia, the Board's improper use of and reference to previous orders; the state

proceedings are ongoing;[1] the proceedings implicate important state interests relating to the competency of dentists practicing within the state; and there is an adequate opportunity in the state proceedings for Beck to raise his constitutional challenges, i.e. that use of the previous orders violated due process. *See* ECF No. 16-2 (state court petition). Therefore, to the extent Beck seeks injunctive or declaratory relief with respect to the suspension of his license, the Court must abstain from hearing any claim pending in the state court action. *See Thomas*, 807 F.2d at 455 (holding that *Younger* has no applicability to a claim for damages); *Bishop v. State Bar of Texas*, 736 F.2d 292, 295 (5th Cir. 1984) (same).

**B. Absolute Immunity for Board Members Performing Quasi-Judicial Functions**

"It is well established that state agents performing quasi-judicial and quasi-prosecutorial functions are entitled to absolute immunity from suit." *Di Ruzzo v. Tabaracci*, 480 F. App'x 796, 797 (5th Cir. 2012) (citing *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000); *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997)). As the Fifth Circuit has explained:

> Absolute quasi-judicial immunity protects officials that perform functions comparable to those of judges and prosecutors. Under this functional approach, we look at the nature of the function performed, not the identity or title of the actor who performed it. The Supreme Court has identified a nonexhaustive list of factors to determine whether nonjudicial actors perform quasi-judicial functions, and thus are entitled to absolute immunity: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal. No one factor is controlling.

*Da Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 373 (5th Cir. 2015) (quotation marks and

---

[1] *See* ECF No. 28, in which Plaintiff states: "Dr. Beck commenced his State action in Travis County on [April] 27, 2018 and the parties remain in a 'holding pattern'; whereby, the State court has not issued any order moving Plaintiff Beck's case forward or setting a hearing date." *See also* ECF No. 16-2, Plaintiff's Original Petition Seeking Judicial Review of an Administrative Order, filed April 27, 2018.

alteration omitted) (quoting and citing *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993); *Beck*, 204 F.3d at 633).

The TSBDE consists of eleven members appointed by the governor with the advice and consent of the senate. Tex. Occ. Code § 252.001 The Board consists of Texas residents including six reputable dentists, three reputable dental hygienists, and two members of the public. *Id*. The Board is statutorily charged with regulating the practice of dentistry in Texas by governing the examination of applicants for a license to practice dentistry and by ensuring the compliance of its licensees with state laws relating to the practice of dentistry. Tex. Occ. Code §§ 254.001, 263.002. The Board may take disciplinary action, including suspending and revoking licenses, against a licensee that is not in compliance with the Dental Practice Act or the rules adopted by the Board. Tex. Occ. Code § 263.002; Chs. 251-267 (Dental Practice Act). If the Board proposes to reprimand, impose a fine, place a licensee on probation, or suspend or revoke a dental license, the licensee is entitled to a hearing. Tex. Occ. Code § 263.003; Tex. Govt. Code Ch. 2001. Hearings are conducted by the Texas State Office of Administrative Hearings ("SOAH") and presided over by neutral administrative law judges ("ALJ"). Tex. Govt. Code Ch. 2003. An ALJ's decision is subject to adoption by the Board. Tex. Occ. Code § 263.003. A licensee aggrieved by a Board decision is entitled to judicial review. Tex. Occ. Code § 263.009; Tex. Govt. Code Ch. 2001.

The record in this case shows that in October 2016 the Board's Staff ("Staff") referred a case to SOAH alleging Beck "had failed to pay a $500 administrative penalty and that he had failed to make available for inspection the records requested by Staff during the investigation."

ECF No. 16-1 at 6.[2] The Staff issued to Beck a "Formal Complaint and Notice of Hearing," but on the date of the hearing, Beck did not appear. *Id*. at 6, 7. Subsequently, the ALJ assigned to the matter granted a motion for default and dismissed the case. *Id*. On November 18, 2016, the Board issued an order suspending Beck's license until he paid an administrative penalty of $750. *Id*. at 25. Beck paid the penalty on April 4, 2017. *Id*. However, an investigation, which included a visit to Beck's dental office on March 30, 2017, concluded that Beck had "prescribed controlled substance medications to 32 patients" and had "performed examinations and dental procedures at some point in the period from December 2016 through March 2017" for as many as fifty patients. *Id*. at 8-9, 15. Consequently, another case was referred to SOAH and on June 28, 2017, Staff mailed a "Notice of Hearing" to Beck. *Id*. at 7. The following procedural matters ensued:

> On July 31, 2017, Staff filed a Motion for Summary Disposition. On August 15, 2017, Dr. Beck filed a response in opposition to Staffs motion. On August 15, 2017, Respondent filed his Motion to Set Aside Default and Default Order of the Board and Opposition to Petitioner's Motion for Summary Disposition. On August 21, 2017, Administrative Law Judge (ALJ) Roy Scudday issued Order No. 1 in this case, partially granting summary disposition. ALJ Scudday granted summary suspension and that he was subject to sanction by the Board. However, ALJ Scudday ordered that the case proceed to an evidentiary hearing on factors to be considered concerning the appropriate sanction to be imposed. The hearing convened September 27, 2017, . . . . The record closed on December 6, 2017, . . . . [On December 18, 2017,] the ALJ recommend[ed] that the Board suspend Dr. Beck's license for four years.

*Id*. at 24-25, 29. At a public meeting held on February 23, 2018, the Board adopted the ALJ's recommendation. ECF No. 16 at 4. Beck appealed the Board's decision. ECF No. 16-2. The appeal is currently pending in Travis County District Court. ECF Nos. 16 at 4; 28 ¶ 3.

In their Motion to Dismiss, Defendants note in *Beck*, the Fifth Circuit found TSBDE

---

[2] The record does not make clear the genesis of "the investigation." However, at the September 27, 2017 SOAH hearing, "Beck stated that the 2016 order was imposed on him for failure to pay a fine in connection with not having produced a medical record in response to a Board request." ECF No. 16-1 at 13.

members were entitled to absolute immunity "because they perform functions comparable to those of judges and prosecutors." ECF No. 16 at 10 (citing 204 F.3d at 634). Defendants further contend that, in this case, Defendants were acting as executive branch officials of the state of Texas; they were involved in an administrative adjudicative process when they adopted the ALJ's recommendation to suspend Beck's license for four years; the ALJ's recommendation was made following a hearing in which Beck testified, presented evidence, and was represented by counsel; Beck had the right to appeal, and did so; and, therefore, "[a]ny errors by the Board can be corrected by [the] Travis County District Court." *Id*. at 10-11.

Beck's response does not refute the *Butz* factors presented by the Defendants. Instead, Beck appears to contend that Texas law controls because by failing to follow the language of the 1992 settlement agreement, the Board failed to follow "its own promulgated rules, regulations and procedures." ECF No. 21 at 6. However, Beck conflates an agency action violative of an agency's administrative scheme with the individual board member's actions he alleges violated his due process rights protected under the Constitution. *Id*. at 6-8. Importantly, Beck cites no authority indicating this Court should abandon the Fifth Circuit's consistent reliance on *Butz*, nor why this Court should arrive at a conclusion that conflicts with *Beck*. Beck's passing reference to *North Carolina State Board of Dental Examiners v. Federal Trade Commission* is inapposite here as at issue in that antitrust case was whether the North Carolina State Board of Dental Examiners was entitled to the protection of the state action immunity doctrine. *See N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 511-12 (2015) (holding that where a controlling number of a Board's decisionmakers "are active market participants in the occupation the board regulates [the Board] must satisfy *Midcal*'s active supervision requirement in order to invoke state-action antitrust immunity").

The *Butz* factors in this case mirror the factors found in *Beck*. Today, the dentistry profession in Texas is regulated under comprehensive statutory and administrative schemes. *See* Tex. Occ. Code Chs. 251-267 (Dental Practice Act); Tex. Govt. Code Chs. 2001, 2003. Tex. Occ. Code Ch. 263 provides procedures and guidelines for the revocation of dental licenses. Tex. Govt. Code §§ 2001.051, 2001.052 require the Board give a dentist adequate notice of any disciplinary hearing, including the time, place, and nature of the hearing; the legal authority and jurisdiction under which the hearing is to be held; the particular sections of the statutes and rules involved; and either a short, plain statement of the factual matters asserted or an attachment that incorporates by reference the factual matters asserted in the complaint or petition filed with the state agency. The dentist in question may present evidence to defend the allegations against him and may be represented by counsel. Tex. Govt. Code §§ 2001.051, 2001.053. The Board has subpoena powers to compel the production of evidence and the presence of witnesses. Tex. Govt. Code § 2001.089. Upon an adverse decision by the Board, a dentist may appeal. *Id.* §§ 2001.144-2001.147, 2001.171-2001.178 Furthermore, a license holder may appeal a summary suspension order to the Travis County District Court. *Id.* § 2001.054. As such, Texas' regulatory scheme embodies several safeguards that, as detailed in *Beck*, other courts have looked upon favorably. 204 F.3d at 635. Accordingly, the record supports a finding that adequate safeguards exist. *See Da Vinci*, 622 F. App'x at 373 (*Butz* factor number 2: "the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct").

Additionally, other *Butz* factors weigh in the Board members' favor. First, because the Board members are statutorily empowered to revoke, suspend, and deny licenses, they are able to make "decisions free from the threat of incurring personal liability for every decision they [hand] down." *Beck*, 204 F.3d at 635 (quoting *O'Neal v. Mississippi Board of Nursing*, 113 F.3d 62 66,

(5th Cir. 1997)). Second, as to isolation of political influence, Board members are appointed by the Governor with the advice and consent of the Senate to six-year staggered terms, the terms of one-third of the Board members expire each odd-numbered year, and terms are limited to two consecutive full terms. Tex. Occ. Code § 252.004. Third, the disciplinary proceedings were adversarial. The hearing was presided over by an ALJ and Beck was represented by counsel, testified, and presented mitigating factors at the hearing. ECF No. 16-1. Finally, as stated above, the Board's final order was appealable, was appealed, and is pending in the Travis County District Court. ECF No. 16-2. Moreover, Beck's state petition requests review of the Board's alleged due process violations. *Id*. As such, errors committed by Board members may be redressed in that proceeding. The only *Butz* factor that weighs in favor of Beck is the importance of precedent. Here, Beck alleges the Board did not adhere to the dictates of the settlement agreement reached in 1992. However, balancing all of the *Butz* factors in this case weighs in favor of finding that the Defendants performed a quasi-judicial function when they initiated the proceedings and suspended Beck's license. Accordingly, dismissal of Beck's claims for damages against the Defendants in their individual capacities is appropriate.

**IV. Conclusion**

Because the state has an important interest in regulating the practice of dentistry in Texas and because Beck's appeal challenging the constitutional issues raised here is pending in state court, this Court must abstain and Plaintiff's claims seeking declaratory and injunctive relief must be dismissed. For the reasons set forth above and found in *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629 (5th Cir. 2000), the TSBDE Board Member Defendants performed a quasi-judicial function when they suspended Beck's license and are immune from suit on that basis. Therefore, Plaintiff's claims seeking monetary damages against Defendants in their

individual capacities must be dismissed.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 16) and dismisses this case WITH PREJUDICE. The Clerk is DIRECTED to enter JUDGMENT in favor of Defendants and CLOSE this case.

It is so ORDERED.

SIGNED this 17th day of April 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE